Mark Brnovich
Attorney General

Michael K. Goodwin, Bar # 014446
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone:  (602) 542-7674
Facsimile:   (602) 542-7644
Michael.Goodwin@azag.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Villa,<br><br>　　　　Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>　　　　Defendant. | Case No. CV17-03557-PHX-JAT<br><br>**STATE'S MOTION IN LIMINE NO. 1<br>RE: MATTERS ALREADY DECIDED** |

Defendant State of Arizona hereby moves to exclude evidence relating to claims disposed of by summary judgment, specifically:

- Plaintiff's claim that he was forced to resign, i.e., constructively discharged;
- Plaintiff's claim that he was harassed or subjected to a hostile work environment by Sgt. Barreras;
- Plaintiff's claim that he was harassed or subjected to a hostile work environment by Deputy Warden Hibbard;
- Plaintiff's claim that the Department of Corrections refused to hire Plaintiff for a position on the fire crew;
- Plaintiff's claim that he was sexually harassed by Officer Deem.

1 Evidence concerning these claims is inadmissible under FRE 402 and 403. Moreover, the first four of these claims are outside the Court's jurisdiction, given Plaintiff's failure to exhaust administrative remedies.

In the ruling on the summary judgment motion, the Court determined that there are issues of material fact on Plaintiff's claims that he was subjected to a hostile work environment based on national origin and retaliation. (Doc. 49.) The evidence at trial should be relevant to those claims. It is anticipated that Plaintiff will still offer evidence—most likely in the form of Plaintiff's testimony but also possibly in exhibits—pertaining to the dismissed claims. Evidence regarding the dismissed claims is irrelevant to the claims going to trial, and therefore inadmissible under FRE 402.

The Court also has discretion under FRE 403 to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Several of these dangers are present here. In particular, the presentation of evidence regarding the dismissed claims would create a risk of confusing the issues and misleading the jury. *Kimes v. Univ. of Scranton*, 2016 WL 1274134, at *2 (M.D. Pa. 2016). The presentation of evidence on the dismissed claims would also waste time as it would involve numerous additional witnesses and lengthen the trial. The evidence of the dismissed claims is therefore inadmissible under FRE 403 as well.

RESPECTFULLY SUBMITTED this 17th day of May, 2019.

        Mark Brnovich
        Attorney General

        /s/ Michael K. Goodwin
        Michael K. Goodwin
        Assistant Attorney General
        Attorneys for the State Defendants

|   |   |
|---|---|
| 1 | I certify that I electronically transmitted the attached document |
| 2 | to the Clerk's Office using the CM/ECF System for filing and |
| 3 | transmittal of a Notice of Electronic Filing to the following CM/ECF |
| 4 | registrant, this 17th day of May, 2019, to: |
| 5 |   |
| 6 | Stephen Montoya<br>Montoya, Lucero & Pastor, P.A. |
| 7 | 3200 North Central Avenue, Suite 2550<br>Phoenix, AZ 85012 |
| 8 | stephen@montoyalawgroup.com<br>Attorney for Defendant |

/s/ Deb Czajkowski
#7906151