1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9  | Hector Villa,

No. CV-17-03557-PHX-JAT

10  | Plaintiff,

**FINAL PRETRIAL ORDER**

11  | v.

12  | State of Arizona, et al.,

13  | Defendant.

14

15          The following is the joint Final Pretrial Order considered at the Final Pretrial

16  Conference on June 27, 2019 at 9:00 a.m.:

17  **A.     COUNSEL FOR THE PARTIES**

18          Plaintiff:     Stephen Montoya
                           Montoya, Lucero & Pastor, P.A.
19                         3200 North Central Avenue, Suite 2550
                           Phoenix, Arizona 85012
20                         (602) 256-6718 (telephone)
                            (602) 256-6667 (fax)
21                         stephen@montoyalawgroup.com
22

23          Defendant:    Michael K. Goodwin
                           Kirstin A. Story
24                         Assistant Attorney General
                           2005 North Central Avenue
25                         Phoenix, Arizona 85004
                           (602) 542-7674 (telephone)
26                         (602) 542-7687 (telephone)
27                         (602) 542-7644 (fax)
28                         Michael.goodwin@azag.gov

Kristin.story@azag.gov

**B.**    **STATEMENT OF JURISDICTION**.

1.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(4), and 42 U.S.C. § 2000e.

2.    Jurisdiction is not disputed.

**C.**    **STIPULATIONS AND UNCONTESTED FACTS AND LAW**

**1.**    **The following material facts are admitted by the parties and require no proof:**

a.    Plaintiff is Mexican-American.

b.    Plaintiff began working for the Arizona Department of Corrections (ADC) in 2007.

c.    From 2014 to 2016, Plaintiff was a Correctional Officer (CO) II assigned to the Eagle Point unit at ASPC-Lewis.

d.    On September 25, 2014, Plaintiff filed a complaint alleging that COII David Deem harassed him based on national origin.

e.    On September 30, 2014, Officer Deem was reassigned from the Eagle Point unit to another unit at ASPC-Lewis.

f.    On March 17, 2015, ADC informed Plaintiff that it was unable to conclude that he had been subjected to discriminatory harassment.

g.    On March 30, 2015, Plaintiff filed another complaint alleging harassment by COII Deem in retaliation for the prior complaint.

h.    On July 15, 2015, ADC informed Plaintiff that it was unable to conclude that he had been subjected to retaliatory harassment.

i.    ADC has more than 500 employees.

**2.**    **The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:**

a.    COII Deem was on FML from March to May 2015.

       b.     COII Deem was separated from ADC on April 29, 2016 for reasons unrelated to Plaintiff.

       c.     Plaintiff resigned from ADC on September 17, 2017.

       d.     Plaintiff had no performance related issues when employed by ADC.

**3.**    **The following issues of law are uncontested and stipulated to by the parties:**

       a.     This action is subject to the "caps" on damages set forth in 42 U.S.C. § 1981a.

**D.**    **CONTESTED ISSUES OF FACT AND LAW**

**1.**    **The following are the material issues of fact to be tried and decided:**

**Issue 1:  Was Plaintiff subjected to harassment based on national origin that was sufficiently severe or pervasive to create an objectively hostile or abusive environment?**

*Plaintiff contends*:  Officer Deem called Plaintiff a series of racial slurs in the workplace, including calling Plaintiff the "N-word" and saying that he was going to call INS to have Plaintiff deported to Mexico, that a reasonable person would believe created a hostile environment in the complex.

*Defendant contends*:  Plaintiff was not subjected to harassment based on his national origin, or that any comments Deem made concerning his national origin were not sufficiently severe or pervasive to create an objectively hostile environment.

**Issue 2:  Did Plaintiff subjectively perceive the environment as permeated with hostility based on national origin?**

*Plaintiff contends*:  He subjectively perceived the working environment as hostile.

*Defendant contends*:  Plaintiff did not perceive the environment as hostile.

**Issue 3:  Did ADC respond reasonably to Plaintiff's complaint of harassment based on national origin?**

*Plaintiff contends*: ADC failed to conduct an adequate investigation or to take other appropriate steps to end the harassment.

*Defendant contends*:   ADC separated Deem from Plaintiff and conducted a reasonable investigation of his allegations.

**Issue 4:   Was Plaintiff subjected to retaliation-based harassment that was sufficiently severe or pervasive to create an objectively hostile or abusive environment?**

*Plaintiff contends*: Deem told employees and inmates that Plaintiff was a "paper dropper," a "faggot," a "chomo," and a "snitch" in retaliation of Plaintiff's initial complaint of harassment against Deem.

*Defendant contends*:  Plaintiff was not subjected to retaliation-based harassment, or that any retaliatory conduct by Deem was not sufficiently severe or pervasive to create an objectively hostile environment.

**Issue 5:  Did Plaintiff subjectively perceive the environment as permeated with hostility based on retaliatory animus?**

*Plaintiff contends*: He subjectively perceived the environment as hostile.

*Defendant contends*: Plaintiff did not perceive the environment as hostile.

**Issue 6:  Did ADC respond reasonably to Plaintiff's complaint of retaliatory harassment?**

*Plaintiff contends*:  ADC failed to conduct an adequate investigation or to take other reasonable steps to end the harassment and retaliation.

*Defendant contends*: ADC responded reasonably by conducting an adequate investigation given the nature of the allegations.

**Issue 7: Did the alleged harassment by Deem cause Plaintiff to suffer any damages?**

*Plaintiff contends*: Deem's harassment caused him to suffer from protracted emotional pain and suffering.

*Defendant contends*: Plaintiff suffered no emotional or other injury, and that any alleged harm is exaggerated and/or the result of other causes.

**2.      The following are the issues of law to be determined:**

**Issue 1:  Whether Plaintiff was subjected to a hostile work environment based on his national origin.**

*Plaintiff contends*:    See factual Issues 1 and 2 above.

*Defendant contends*:  See factual Issues 1 and 2 above.

**Issue 2:    Whether Plaintiff was subject to a retaliation-based hostile work environment.**

*Plaintiff contends*:  See factual Issues 4 and 5 above.

*Defendant contends*:  See factual Issues 4 and 5 above.

**Issue 3:  Whether ADC was negligent in responding to Plaintiff's allegations of harassment based on national origin.**

*Plaintiff contends*:    See factual Issue 3 above.

*Defendant contends*:  See factual Issue 3 above.

**Issue 4:  Whether ADC was negligent in responding to Plaintiff's allegations of retaliation-based harassment.**

*Plaintiff contends*:    See factual Issue 6 above.

*Defendant contends*:  See factual Issue 6 above.

**Issue 5:  If it is determined that Plaintiff was subjected to a hostile work environment based on national origin or retaliation, and that ACD is liable, what is Plaintiff's remedy?**

*Plaintiff contends*:  He is entitled to compensatory damages, attorney fees and costs.

*Defendant contends*:  Plaintiff may recover compensatory damages for any injury caused by unlawful harassment, subject to Title VII's statutory cap on damages.

**E.    LIST OF WITNESSES**

**a.      Witnesses who <u>shall</u> be called at trial:**

- 5 -

**Plaintiff:**

1.      Hector Villa

Mr. Villa will testify that he was subjected to harassment based on national origin and retaliation and ADC's defenses to these two claims.

2.      Chris Moody

Moody was the Warden at ASPC-Lewis during all times material to this dispute. He will testify regarding his involvement in responding to Mr. Villa's complaints of discrimination in the workplace and former Correctional Officer Deem's work history at ADC.

3.      Leola Baker

Ms. Baker was responsible (in part) for investigating Mr. Villa's complaints of discrimination and retaliation in the workplace.  She will testify regarding her education, training and experience in conducting and participating in investigations regarding complaints of discrimination and retaliation, the substance of her work on Mr. Villa's complaints, and any conclusions that she reached in connection with the complaint of investigation.

4.      Juan Flores

Mr. Flores was employed as a correctional officer at all times material to this dispute.  He will testify regarding his personal knowledge of Mr. Villa's interaction with former Correctional Officer Deem in the workplace.

5.      Jacole Swirsky

Ms. Swirsky was responsible (in part) for investigating Mr. Villa's complaints of discrimination and retaliation in the workplace.  She will testify regarding her education, training and experience in conducting and participating in investigations regarding complaints of discrimination and retaliation, the substance of her work on Mr. Villa's complaints, and any conclusions that she reached in connection with the complaint of investigation.

6.      Brian Tyrell

Mr. Tyrell was responsible (in part) for investigating Mr. Villa's complaints of discrimination and retaliation in the workplace.  He will testify regarding his education, training and experience in conducting and participating in investigations regarding complaints of discrimination and retaliation, the substance of his work on Mr. Villa's complaints, and any conclusions that his reached in connection with the complaint of investigation.

7.      COII Patrick Anderson

Mr. Anderson will testify regarding Mr. Villa's professionalism and work performance and former Correctional Officer Deem's discriminatory comments to Mr. Villa consistent with his declaration already part of the record in this dispute.

8.      Any witnesses list by Defendant

**Defendant:**

1.      Eric Abt
        c/o Michael Goodwin
        Arizona Attorney General's Office
        2005 N. Central Ave.
        Phoenix, AZ 85004

        (602) 542-7674

Mr. Abt is expected to testify that he was employed at ADC as Equal Opportunity Coordinator and later as Employee Assistance Administrator; that ADC has a policy prohibiting discrimination, harassment, and retaliation; that ADC has a procedure for employees to file complaints of discrimination, harassment, and retaliation as well as procedures for investigating and responding to complaints; and that he was involved in responding to Plaintiff's internal and external complaints of harassment.

2.      Leola Baker
        c/o Michael Goodwin
        Arizona Attorney General's Office
        2005 N. Central Ave.
        Phoenix, AZ 85004
        (602) 542-7674

Ms. Baker is expected to testify that she was employed as Executive Staff Assistant at ASPC-Lewis and also served as an Equal Opportunity Liaison there; that her

responsibilities included receiving and processing complaints of discrimination and harassment; that her role involved consulting with persons in Central Office as well as at the prison; that she was involved in responding to Plaintiff's complaints by, among other things, conducting a Fact Finding on one of Plaintiff's complaints against Deem; and that Deem took Family Medical Leave during parts of 2015.

3.     Juan Flores
c/o Michael Goodwin
Arizona Attorney General's Office
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-7674

Mr. Flores is expected to testify that he was and is a Correctional Officer at ADC; that he worked with Plaintiff at the Eagle Point unit; that he has not heard derogatory language about Mexican-Americans at the prison; that Officer Deem made a lot of jokes and liked to joke around with Plaintiff; that he was present on one occasion when Plaintiff started laughing and explained that Deem had just said he was going to immigration to have Plaintiff deported.

4.     Chris Moody
c/o Michael Goodwin
Arizona Attorney General's Office
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-7674

Mr. Moody will testify that he was the Warden at ASPC-Lewis; that his responsibilities included responding to employee complaints by, among other things, reviewing investigative findings, initiating administrative inquiries, and taking disciplinary action when appropriate; that he was involved in responding to Plaintiff's complaints against Officer Deem; that Deem was reassigned to Morey unit, and later to Complex Security.

5.     Jacole Swirsky
c/o Michael Goodwin
Arizona Attorney General's Office
2005 N. Central Ave.
Phoenix, AZ 85004

(602) 542-7674

Ms. Swirsky is expected to testify that she was a Lieutenant and Equal Opportunity Liaison at ASPC-Lewis in 2015; and that she conducted a Fact Finding investigation on one of Plaintiff's complaints against Deem.

6.     Brian Tyrrell
       c/o Michael Goodwin
       Arizona Attorney General's Office
       2005 N. Central Ave.
       Phoenix, AZ 85004
       (602) 542-7674

Mr. Tyrrell is expected to testify that he was a Sergeant and Equal Opportunity Liaison at ASPC-Lewis in 2015; and that she conducted a Fact Finding investigation on one of Plaintiff's complaints against Deem.

7.     Any witnesses listed by Plaintiff

**b.     Witnesses who <u>may</u> be called at trial:**
**Plaintiff:**

1.     Eric Abt
       c/o Michael Goodwin
       Arizona Attorney General's Office
       2005 N. Central Ave.
       Phoenix, AZ 85004
       (602) 542-7674

Mr. Abt was responsible (in part) for supervising ADC's investigation of Mr. Villa's complaints of discrimination and retaliation in the workplace. He will testify regarding his education, training and experience in conducting and participating in investigations regarding complaints of discrimination and retaliation, the substance of his work on Mr. Villa's complaints, and any conclusions that he reached in connection with the complaint of investigation.

**Defendant:**

1.     Jacqueline Smith
       c/o Michael Goodwin
       Arizona Attorney General's Office
       2005 N. Central Ave.
       Phoenix, AZ 85004

(602) 542-7674

Ms. Smith is expected to testify that he was employed at ADC as Equal Opportunity Coordinator and later as Employee Assistance Administrator; that ADC has a policy prohibiting discrimination, harassment, and retaliation; that ADC has a procedure for employees to file complaints of discrimination, harassment, and retaliation as well as procedures for investigating and responding to complaints; and that he was involved in responding to Plaintiff's internal and external complaints of harassment.

2.     William Robertson
        c/o Michael Goodwin
        Arizona Attorney General's Office
        2005 N. Central Ave.
        Phoenix, AZ 85004
        (602) 542-7674

Mr. Robertson may testify that he was and is a Correctional Officer at ADC; that he worked with Plaintiff and Deem at the Eagle Point unit; that he has not heard Deem make offensive comments; that Officer Deem made a lot of jokes and liked to joke around.

**c.     Witnesses who are <u>unlikely</u> to be called at trial:**

**Plaintiff:**

None.

**Defendant:**

1.   Amy Hurles c/o Michael Goodwin

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party.

**F.     LIST OF EXHIBITS**

**1.     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:**

a.    **Plaintiff's Exhibits:**

| Exh. | Description | Bates | Stipulated No Objection |
|---|---|---|---|
| 1 | Information Report of Hector Villa, dated September 25, 2014. | | |
| 3 | Information Report of Hector Villa, dated March 30, 2015. | | |

b.    **Defendant's Exhibits:**

| Exh. | Description | Bates | Stipulated No Objection |
|---|---|---|---|
| 21 | ADC Non-Discrimination Policy | ADC-Villa 894-915 | |
| 22 | 09/25/14 Information Report | ADC 45-46 | |
| 43 | 05/24/13 Moody memo to Villa re transfer | ADC-Villa 142 | |

2.    As to the following exhibits, the parties have reached the following stipulations. The following exhibits are only admissible once they are introduced at trial:

a.    **Plaintiff's Exhibits:**

| Exh. | Description | Bates | Stipulated No Objection |
|---|---|---|---|
| 2 | Information Report of L. Abker, dated September 25, 2014. | | |

b.    **Defendant's Exhibits:**

| Exh. | Description | Bates | Stipulated No Objection |
|---|---|---|---|
| 20 | Department Order 527 | ADC-Villa 281-291 | |
| 42 | EEOC Dismissal and Right to Sue Notice | ADC-Villa 132 | |
| 44 | Villa calendar journal July-Dec 2014 | Villa 959-992 | |
| 45 | Villa calendar journal 2015 | Villa 865-908 | |

- 11 -

3.    As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

a.    **Plaintiff's Exhibits:**

| Exh. | Description | Bates | Objection |
|---|---|---|---|
| 4 | Charge of Discrimination (540-2015-01482) of Hector Villa, dated March 13, 2015. | | Irrelevant, 403 |
| 5 | Information Report of Hector Villa, dated January 25, 2016. | | Irrelevant, 402 |
| 6 | Criminal Investigative Report of John Armstrong, dated March 21, 2016. | | Irrelevant, 403, foundation |

b.    **Defendant's Exhibits:**

| Exh. | Description | Bates | Objection |
|---|---|---|---|
| 23 | 09/29/14 Moody memo to Deem re Reassignment | | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 24 | 09/30/14 Abt email thread | ADC-Villa 941-942 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 25 | 11/12/14 Tyrrell email thread | ADC-Villa 939-940 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 26 | 11/4/14 Tyrrell Fact Finding report | ADC-Villa 48-54 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 27 | 02/17/15 Baker email thread | ADC-Villa 936-937 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 28 | 02/20/15 Hill email thread | ADC-Villa 932-934 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 29 | 02/27/15 Baker Fact Finding report | ADC-Villa 55-59 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 30 | 03/13/15 Hill email thread | ADC-Villa 292-295 | Plaintiff objects to this Exhibit based on |

| | | | hearsay and lack of foundation. |
|---|---|---|---|
| 31 | 03/17/15 Moody memo to Villa | Villa 574 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 32 | 03/30/15 Information Report | ADC-Villa 63-65 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 33 | 04/02/15 Abt email thread | ADC-Villa 70-71 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 34 | 04/02/15 Abt email thread | ADC-Villa 72 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 35 | 05/01/15 Hill email thread | ADC-Villa 73 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 36 | 05/06/15 Swirsky email thread | ADC-Villa 74 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 37 | 06/02/15 Swirsky Fact Finding report | ADC-Villa 75-80 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 38 | Administrative Inquiry # 2015-0842 | ADC-Villa 298-301 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 39 | Administrative Inquiry Report #2015-0842 | ADC-Villa 81 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 40 | 07/15/15 Moody letter to Villa | ADC-Villa 133 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |
| 41 | 04/28/16 Personnel Action Transmittal re Deem termination | Villa 134 | Plaintiff objects to this Exhibit based on hearsay and lack of foundation. |

Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G. DEPOSITIONS TO BE OFFERED**

The parties have agreed to offer portions of the video trial depositions of Eric Abt and Patrick Anderson.

Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

**H. MOTIONS IN LIMINE**

Defendant has filed motions in limine as separate pleadings.

**I. LIST OF PENDING MOTIONS**

There are no pending motions other than the motions in limine.

**J. ESTIMATED LENGTH OF TRIAL**

3.0 hours - jury selection

10.0 hours - Plaintiff(s) case (to include up to 45 minutes for opening statement and up to 1.25 hours for closing argument)

10.0 hours - Defendant(s) case (to include up to 45 minutes for opening statement and up to 1.25 hours for closing argument)

23 hours – total

**K. TRIAL DATE**

July 15, 2019

**L. JURY DEMAND**

The parties stipulate that the demand for a jury trial was timely.

**M. JOINT PROPOSED JURY INSTRUCTIONS, JOINT PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT**

The joint Proposed Jury Instructions, joint Proposed Voir Dire Questions, and Proposed Forms of Verdict have been filed in accordance with the instructions contained in the Court's Order Setting Final Pretrial Conference.

1

**N.     CERTIFICATIONS**

2

      The undersigned counsel for each of the parties in this action do hereby certify and

3

acknowledge the following:

4

      1.     All discovery has been completed.

5

      2.     The identity of each witness has been disclosed to opposing counsel.

6

      3.     Each exhibit listed herein: (1) is in existence; (2) is numbered; and (3) has

7

been disclosed and shown to opposing counsel.

8

      4.     The parties have complied in all respects with the mandates of the Court's

9

Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

10

      5.     The parties have made all of the disclosures required by the Federal Rules of

11

Civil Procedure.

12

      6.     The parties acknowledge that once this Proposed Final Pretrial Order has

13

been signed and lodged by the parties, no amendments to this Order can be made without

14

leave of Court.

15

      **APPROVED AS TO FORM AND CONTENT:**

16

17

      **MONTOYA, LUCERO & PASTOR, P.A.**

18

19

20

      Stephen Montoya

21

      3200 North Central Avenue, Suite 2550

      Phoenix, Arizona 85012

22

      Attorney for Plaintiff

23

      s/ Michael K. Goodwin

24

      Michael K. Goodwin

      Kirstin A. Story

25

      Assistant Attorney General

      2005 North Central Avenue

26

      Phoenix, Arizona 85004

27

      Attorneys for Defendant

28

Based on the foregoing,

**IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

Dated this 27th day of June, 2019.

James A. Teilborg
Senior United States District Judge